9042/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

Attorneys for Defendant SM China Co. Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAN FERROSTAAL, INC.<br><br>                                Plaintiffs,<br><br>- against -<br><br>M/V DUBAI JEWEL, her engines, boilers, tackle, etc., JEWEL MARITIME LTD., OASIS SHIP MANAGEMENT LLC, OASIS MARITIME SERVICES LLC, SM CHINA CO., LTD.<br><br>                                Defendants. | 07 Civ. 5835 (WHP) (KNF)<br><br>**AMENDED ANSWER**<br>**WITH CROSS CLAIMS** |

Defendant SM China Co. Ltd. ("SM China"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answering the plaintiff's complaint and cross-claiming against defendants Jewel Maritime Ltd., Oasis Ship Management LLC, and Oasis Maritime Services LLC, alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. Admits that SM China was a charterer of the vessel, but except as so specifically admitted, denies the allegations of paragraph 3.

- 2 -

4. Denies the allegations of paragraph 4.

5. Denies the allegations of paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Denies the allegations of paragraph 7.

8. Denies the allegations of paragraph 8.

## AS AND FOR AFFIRMATIVE DEFENSES TO ALL CLAIMS, SM CHINA ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

9. Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

### FIRST AFFIRMATIVE DEFENSE

10. The shipments were subject to all the terms, conditions and exceptions contained in certain bills of lading and/or charter parties issued therefor for which the shippers, owners, consignees or holders of said bills of lading and/or charter parties agreed to be bound and are bound.

### SECOND AFFIRMATIVE DEFENSE

11. Any loss and/or damage to the above shipments was due to causes for which SM China is not liable or responsible by virtue of the provisions the applicable Carriage of Goods by Sea Act and/or Harter Act and/or general maritime law.

### THIRD AFFIRMATIVE DEFENSE

12. Plaintiff failed to mitigate its damages.

## FOURTH AFFIRMATIVE DEFENSE

13. Any damage to and/or loss of the shipments was caused by or due to the acts, omissions, fault or neglect of the owners of the shipment, the shippers or receivers and their agents or the nature of the shipment, including inherent vice, or resulted from the acts, omissions, fault or neglect of other persons or entities for which SM China Co. is neither responsible nor liable.

## FIFTH AFFIRMATIVE DEFENSE

14. Insufficiency of service of process.

## SIXTH AFFIRMATIVE DEFENSE

15. This court lacks subject matter jurisdiction under the Foreign Sovereign Immunities Act, and SM China preserves all defenses under said Act.

## AS AND FOR CROSS-CLAIMS AGAINST DEFENDANTS JEWEL MARITIME LTD., OASIS SHIP MANAGEMENT LLC, AND OASIS MARITIME SERVICES LLC, SM CHINA ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

16. Repeat and realleges each and every allegation set forth above with the same force and effect as if herein repeated and set forth at length.

17. The cargo damage/loss alleged in plaintiff's complaint was caused by the acts, omissions, fault, negligence, breach of contract, and/or breach of warranty of defendants Jewel Maritime Ltd., Oasis Ship Management LLC, and/or Oasis Maritime Services LLC, and/or their servants and/or agents.

18. Therefore, if SM China is liable to plaintiff, whether by judgment or settlement, then SM China is entitled to indemnity and/or contribution from Jewel Maritime Ltd., Oasis Ship Management LLC, and/or Oasis Maritime Services LLC, including

recovery of the attorneys' fees and costs incurred by SM China in defending against plaintiff's claims.

WHEREFORE, SM China prays for:

(a) An order dismissing plaintiff's complaint;

(b) An award of all costs including attorneys' fees;

(c) Judgment in favor of SM China and against defendants Jewel Maritime Ltd., Oasis Ship Management LLC, and/or Oasis Maritime Services LLC on the cross-claims;

(d) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       November 19, 2007

                              Respectfully submitted,

                              CICHANOWICZ, CALLAN, KEANE,
                              VENGROW & TEXTOR, LLP
                              Attorneys for Defendant SM China Co. Ltd.

                              By: s/ Randolph H. Donatelli
                                   Randolph H. Donatelli (RHD-5359)
                              61 Broadway, Suite 3000
                              New York, New York 10006-2802
                              (212) 344-7042

To:    Kingsley, Kingsley & Calkins
        91 West Cherry Street
        Hicksville, New York 11801
        (516) 931-0064

        Lyons & Flood
        65 W. 36th Street, 7th Floor
        New York, New York 10018
        (212) 594-2400

## CERTIFICATE OF SERVICE BY ECF AND U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On November 19, 2007, I served a complete copy of Defendant SM China Co. Ltd.'s Amended Answer with Cross Claims by ECF and U.S. Mail to the following attorney at their ECF registered address and by regular U.S. Mail at the following address:

To:  Kingsley, Kingsley & Calkins
     91 West Cherry Street
     Hicksville, New York 11801
     (516) 931-0064

     Lyons & Flood
     65 W. 36th Street, 7th Floor
     New York, New York 10018
     (212) 594-2400

*Jennifer Scianna*
Jennifer Scianna

DATED:  New York, New York
        November 19, 2007