LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendants
JEWEL MARITIME LTD., OASIS SHIP MANAGEMENT
LLC, and OASIS MARITIME SERVICES LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MAN FERROSTAAL, INC.,                                               **ECF CASE**

                                   Plaintiff,                        07 Civ. 5835 (WHP) (KNF)

          - against -

M/V DUBAI JEWEL, her engines, boilers, tackle,
etc., JEWEL MARITIME LTD., OASIS SHIP
MANAGEMENT LLC, OASIS MARITIME
SERVICES LLC, SM CHINA CO., LTD.,

                                   Defendants.
-------------------------------------------------------------------X

## ANSWER TO VERIFIED COMPLAINT WITH CROSS-CLAIM

Defendants JEWEL MARITIME LTD. ("JEWEL"), OASIS SHIP MANAGEMENT

LLC, and OASIS MARITIME SERVICES LLC, by their attorneys, Lyons & Flood, LLP, as and

for their Answer to plaintiff's Verified Complaint alleges upon information and belief as follows:

          1.         Admit that this is an admiralty and maritime claim with respect to the carriage

of goods by water, but except as so specifically admitted herein, deny the remaining allegations

of paragraph 1 of the Verified Complaint.

          2.         Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs 2 and 6 of the Verified Complaint.

          3.         Admit that at and during all the times hereinafter mentioned, defendants

JEWEL and OASIS MARITIME SERVICES LLC were the owners and managers of the M/V

DUBAI JEWEL respectively, but except as so specifically admitted herein, deny the remaining

allegations of paragraph 3 of the Verified Complaint.

4.    Deny the allegations contained in paragraphs 4, 5, and 8 of the Verified

Complaint.

5.    The allegations contained in paragraph 7 of the Verified Complaint do not

require an answer.

## FIRST AFFIRMATIVE DEFENSE

6.    The Verified Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

7.    Plaintiff is not the real party in interest and is not entitled to maintain this

action in violation of Rule 17 of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

8.    The shipment described in plaintiff's Verified Complaint is subject to all the

terms, conditions, and exceptions contained in certain bills of lading then and there issued

therefore by which plaintiff, shippers, cargo owners, consignees, and holders of said bill of

lading agreed to be and are bound.  Any mis-delivery, non-delivery, non-conformance, shortage,

loss or damage to the shipments, which defendants expressly deny, was due to causes for which

the carrier is not liable or responsible by virtue of the provisions of the U.S. Carriage of Goods

by Sea Act ("COGSA"), 46 U.S.C. 1300 *et seq*. approved April 16, 1936, the Harter Act, the

provisions of the bill of lading, and/or the General Maritime Law and/or applicable foreign law

and/or charter party and/or fixture agreement and/or the Hague Rules or the Hague-Visby Rules.

## FOURTH AFFIRMATIVE DEFENSE

9.      Due diligence was exercised on the part of the carrier to make the Vessel and her appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage, and preservation.

## FIFTH AFFIRMATIVE DEFENSE

10.     If the shipment were damaged, which defendants expressly deny, the damage was caused by or due to insufficiency of packaging or inadequacy of marks of the goods for which the carrier is not liable pursuant to §§ 1304(2)(n) and (o) of COGSA and by the terms of the contracts of carriage.

## SIXTH AFFIRMATIVE DEFENSE

11.     Any damage to the shipment, which is expressly denied, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which the carrier is not liable pursuant to § 1304(2)(m) of COGSA and by the terms of the contracts of carriage.

## SEVENTH AFFIRMATIVE DEFENSE

12.     Plaintiff has failed to mitigate reasonably its alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

13.     Any damage to the goods, which is expressly denied, was caused by, due to or contributed to by an act or omission of the shipper or its agents or servants or owner of the goods for which the carrier is not liable pursuant to § 1304(2)(i) of COGSA and by the terms of the contracts of carriage.

## NINTH AFFIRMATIVE DEFENSE

14.     The maximum liability of the carrier and vessel, if any, is $500 per package or per customary freight unit for goods not shipped in packages as agreed in the provisions of the

- 3 -

bills of lading and pursuant to the provisions of COGSA, specifically § 1304(5).

## TENTH AFFIRMATIVE DEFENSE

15.     If the shipment were damaged, which is expressly denied, said damage was caused in whole or in part by the negligence, acts, or omissions of the plaintiff and/or its agents or servants, including but not limited to, the stevedores at the load port and discharge port.

## ELEVENTH AFFIRMATIVE DEFENSE

16.     If plaintiff's cargo sustained any loss or damage, which defendants expressly deny, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable pursuant to § 1304(2)(g) of COGSA.

## TWELFTH AFFIRMATIVE DEFENSE

17.     If plaintiff's cargo sustained any loss or damage, which defendants expressly deny, said loss or damage was caused by a peril, danger, or accident of the sea or other navigable waters for which the carrier is not liable pursuant to § 1304(2)(c) of COGSA and the terms of the contracts of carriage.

## THIRTEENTH AFFIRMATIVE DEFENSE

18.     The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver/consignee as when received by the carrier because plaintiff did not give timely written notice of damage under the provisions of the bills of lading and as required by § 1303(6) of COGSA.

## FOURTEENTH AFFIRMATIVE DEFENSE

19.     If the goods were lost or damaged, which is expressly denied, the loss or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the

carrier in the navigation or in the management of the ship, and the carrier is not liable pursuant to

§ 1304(2)(a) of COGSA and the terms of the contracts of carriage.

### FIFTEENTH AFFIRMATIVE DEFENSE

20.    The Court lacks jurisdiction over the M/V DUBAI JEWEL *in rem.*

### SIXTEENTH AFFIRMATIVE DEFENSE

21.    Plaintiff has failed to add an indispensable party pursuant to Rule 19 of the

Federal Rules of Civil Procedure and, therefore, the action should be dismissed.

### SEVENTEENTH AFFIRMATIVE DEFENSE

22.    The Court lacks jurisdiction over defendants *in personam.*

### EIGHTEENTH AFFIRMATIVE DEFENSE

23.    Venue in this Court is improper.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT SM CHINA CO., LTD.

24.    Defendants JEWEL and OASIS repeat and reallege paragraphs 1 through 23 of

their Answer to plaintiff's Verified Complaint with the same force and effect as if repeated and

set forth at length herein.

25.    If there were any loss or damage to the shipment referred to in plaintiff's

Verified Complaint, which is denied, or then said loss or damage was caused in whole or in part

by defendant SM CHINA CO., LTD.'s negligence, breach of contract and/or breach of

warranties, implied or express, and by reason thereof, defendants JEWEL and/or OASIS are

entitled to full indemnity and/or contribution from defendant SM CHINA CO., LTD., including

reasonable attorneys' fees and expenses.

WHEREFORE, defendants JEWEL MARITIME LTD., OASIS SHIP MANAGEMENT

LLC, and OASIS MARITIME SERVICES LLC pray:

a.    that judgment be entered in favor of defendants JEWEL MARITIME LTD.,

OASIS SHIP MANAGEMENT LLC, and OASIS MARITIME SERVICES LLC and against

plaintiff, dismissing the Verified Complaint herein together with costs and disbursements of this

action;

b.    that judgment be entered in favor of defendants JEWEL MARITIME LTD.,

OASIS SHIP MANAGEMENT LLC, and OASIS MARITIME SERVICES LLC and against

defendant SM CHINA CO. LTD. on the Cross-Claim herein; and

c.    that judgment be entered in favor of defendants JEWEL MARITIME LTD.,

OASIS SHIP MANAGEMENT LLC, and OASIS MARITIME SERVICES LLC herein for such

other and further relief as the Court deems just and proper.

Dated: January 15, 2008

> LYONS & FLOOD, LLP
> Attorneys for Defendants
> JEWEL MARITIME LTD., OASIS SHIP
> MANAGEMENT LLC, and OASIS MARITIME
> SERVICES LLC
>
> By:    _____
> Kirk M. Lyons (KL-1568)
> 65 West 36th Street, 7th Floor
> New York, New York 10018
> (212) 594-2400

U:\kmhldocs\2563038\Pleadings\Answer v2.doc

## CERTIFICATE OF SERVICE

Kirk M. Lyons, an attorney duly admitted to practice before this

Honorable Court, affirms on this 15th day of January 2008, I served true copies of the

foregoing, by U.S. Mail, first-class postage pre-paid, to:


KINGSLEY KINGSLEY & CALKINS
Attorneys for Plaintiff
MAN FERROSTAAL, INC.
91 West Cherry Street
Hicksville, NY 11801


CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
Attorneys for Defendant
SM CHINA CO. LTD.
61 Broadway, Suite 3000
New York, NY 10006


_____
Kirk M. Lyons


U:\kmhldocs\2563038\Pleadings\Answer v2.doc