# Kingsley, Kingsley & Calkins
ATTORNEYS AT LAW

*Proctors in Admiralty*

91 W. CHERRY STREET
HICKSVILLE, NEW YORK 11801

(516) 931-0064
TELEFAX (516) 931-4313

HAROLD M. KINGSLEY
JOAN S. KINGSLEY
STEVEN P. CALKINS

KEVIN T. MURTAGH

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/08

March 12, 2008

Honorable William H. Pauley, III
United States District Judge
U. S. Courthouse
500 Pearl Street, Ctrm. 11D
New York, NY 10007

*Application denied.*
SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.
3/18/08

Re:  MAN FERROSTAAL, INC., v. M/V DUBAI JEWEL, et al.
     07 CIV 5835 (WHP)(KNF)
     Our Ref: FS 7865   *See individual rule 3(A)(iii)*

Dear Judge Pauley:

    We represent the plaintiff in the above maritime cargo damage action, and write to request a pre-motion conference to address the participation in this lawsuit of an apparently defunct party as well as abuse of the discovery process by defendant SM China Co. Ltd.

    We are advised that SM China is a defunct entity with no ability to meaningfully respond to plaintiff's discovery demands, produce a witness, or to pay any eventual judgment or settlement demand. On February 26, 2008, we demanded of Mr. Randolph Donatelli, Esq., of Cichanowicz, Callan, Keane, Vengrow & Terxtor, counsel for SM China, disclosure of SM China's status, and pursuant to Local Civil Rule 26.1, demanded a verified statement of the names, post office addresses and residences of the principal officers of SM China. A copy of our February 26th letter is enclosed with a copy of plaintiff's Notice of Deposition under Rule 30(b)(6) and Request for Documents under Rules 30(b)(5) and 34.

    Mr. Donatelli has failed to comply despite our letters dated March 5th, 6th (without enclosures), and March 10th, copies enclosed, insisting *inter alia* upon disclosure of SM China's status and the Local Civil Rule 26.1 information.

If indeed SM China is out of business and unable to pay any judgment, Mr. Donatelli's persistent aggressive discovery tactics are an astonishing abuse of process.

Abuse of the discovery process by Mr. Donatelli arose when no less than 8 document subpoenas were caused to be issued to various non-party entities, consisting of plaintiff's customers, Joy Pipe in Houston, B& W Pipe in Katy, TX, and McJunkin in Charleston, WV; stevedores in Houston, P&O Ports, stevedores in New Orleans, Pacorini; as well as inland river terminals, CSI in W. Elizabeth, PA, and Pittsburg Intermodal Terminal in Ambridge, PA; and Dufour, Laskay & Strouse in Houston, plaintiff's surveyors.

These subpoenas were issued when defendant SM China had apparently already ceased business and closed its office in Shanghai. All of the relevant information sought in the subpoenas had already been produced by plaintiff and recited in the Dufour, Laskay & Strouse survey reports produced with Plaintiff's Rule 26 Disclosures on November 20, 2007, copy enclosed, without attachments. To add injury to insult, SM China's attorney now demands that plaintiff pay for the cost of copying these voluminous though marginally relevant subpoenaed documents.

Plaintiff submits that the plethora of document subpoenas issued by a defunct entity, SM China, and served around the country was intended simply as harassment to disrupt plaintiff's business relations with these various entities in this relatively modest cargo damage claim to steel pipe in the amount of $100,000.00. SM China's attorney's abuse of the subpoena powers in a case in which his client cannot or will not respond to plaintiff's demands and is unable to pay a judgment because defunct should not be countenanced by the Court, and plaintiff requests sanctions against SM China and its attorney.

Thank you.

Respectfully,

SPC/
Enc.
cc:   Randolph Donatelli, Esq.
      CICHANOWICZ CALLAN KEANE VENGROW & TEXTOR
      Attorneys for Defendant SM China
      61 Broadway, Ste. 3000

New York, NY 10006-2802
(212) 344-7042

LYONS & FLOOD, LLP
Attorneys for Defendants Jewel and Oasis
65 West 36th Street, 7th Fl.
New York, NY 10018
(212) 594-2400